**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff,*
James Morgan

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES MORGAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**PINNACLE CREDIT SERVICES, LLC,**<br><br>Defendant. | **Case No.:** '16CV1363 JAH BLM<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>(1) **THE FAIR DEBT BUYING PRACTICES ACT, CAL. CIV. CODE § 1788.50, ET SEQ.;**<br><br>(2) **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>(3) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Moreover, the California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

and the collection industry.[2]

4. JAMES MORGAN ("Plaintiff"), by Plaintiff's attorneys, brings this class action to challenge the actions of PINNACLE CREDIT SERVICES, LLC ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k) and 28 U.S.C. § 1367 for supplemental State claims.

11. This action arises out of Defendant's violations of (i) the Fair Debt Buying Practices Act, Cal. Civ. Code § 1788.50, et seq. ("FDBPA"); (ii) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); and, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq.

---

[2] Cal. Civ. Code § 1788.50 (a) – (f)

("RFDCPA").

12. Because Defendant conducts business within the State of California, personal jurisdiction is established.

13. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resided in the County of San Diego, State of California which is within this judicial district at the time of the illegal acts alleged herein; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is a limited liability company operating from the State of Minnesota.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6). In addition, Defendant is also a "debt buyer" pursuant to Cal. Civ. Code § 1788.50(a)(1).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5). Plaintiff's alleged debt is a "charged-off consumer debt" as that term is defined by Cal. Civ. Code § 1788.50(a)(2).

///

///

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. Around 2007, Plaintiff allegedly incurred a financial obligation to the original creditor, Capital One, that was money, property, or the equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and was therefore a "debt" as the term are defined by 15 U.S.C. § 1692a(5).

21. Sometime thereafter, Plaintiff allegedly fell behind on the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

22. On information and belief, Defendant later purchased the debt sometime after January 1, 2014 and was the owner of the debt at the time of the illegal acts alleged herein.

23. On June 9, 2015, Total Card Inc. on behalf of Defendant sent Defendant's initial written communication to Plaintiff demanding payment on Plaintiff's alleged debt. However, Defendant's June 9, 2015 written communication failed to include disclosures pursuant to the FDBPA.

24. Specifically, the written communication was required by Cal. Civ. Code § 1788.52(d)(1) to state the following in font no smaller than 12-point type:

///
///
///
///
///
///

> You may request records showing the following: (1) that [insert name of debt buyer] has the right to seek collection of the debt; (2) the debt balance, including an explanation of any interest charges and additional fees; (3) the date of default or the date of the last payment; (4) the name of the charge-off creditor and the account number associated with the debt; (5) the name and last known address of the debtor as it appeared in the charge-off creditor's or debt buyer's records prior to the sale of the debt, as appropriate; and (6) the names of all persons or entities that have purchased the debt. You may also request from us a copy of the contract or other document evidencing your agreement to the debt.
>
> A request for these records may be addressed to: [insert debt buyer's active mailing address and email address, if applicable].

25. As stated above, Defendant's June 9, 2015 letter failed to include the required disclosure pursuant to Cal. Civ. Code §§ 1788.52(d)(1). Therefore, Defendant violated the FDBPA.

26. By failing to notify Plaintiff of Plaintiff's rights pursuant to the FDBPA, Defendant violated 15 U.S.C. § 1692e in using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

27. Through this conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

28. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

///

29. Through this conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant has violated Cal. Civ. Code §§ 1788.52(d)(1). In addition, Defendant has also violated 15 U.S.C. §§ 1692e; 1692e(2)(A); and, 1692e(10). Finally, Defendant violated Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated.

31. Plaintiff defines "the Class" as: (i) all persons with addresses within the State of California; (ii) who were sent a written communication substantially similar or identical to the letter attached hereto as Exhibit A; (iii) to recover a consumer debt; (iv) that was obtained by Defendant after January 1, 2014; (v) which was not returned undelivered by the United States Postal Service; (vi) within one year prior to the filing of the Complaint in this action.

32. Defendant and Defendant's employees or agents are excluded from the Class.

33. Plaintiff does not know the exact number of persons in the Class, but believe them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

34. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a) Whether Defendant violated the FDBPA by sending a letter substantially in the form of Exhibit A to the members of the Class;

   b) Whether Defendant violated the FDCPA by sending a letter substantially in the form of Exhibit A to the members of the Class;

c) Whether Defendant violated the RFDCPA by sending a letter substantially in the form of Exhibit A to the members of the Class;

d) Whether members of the Class are entitled to the remedies under the FDBPA;

e) Whether members of the Class are entitled to the remedies under the FDCPA;

f) Whether members of the Class are entitled to the remedies under the RFDCPA;

g) Whether members of the Class are entitled to declaratory relief;

h) Whether members of the Class are entitled to injunctive relief;

i) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDBPA;

j) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

k) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA;

l) Whether Plaintiff will fairly and adequately protect the interest of the Class; and,

m) Whether the accounts for members of the Class were transferred to Defendant after January 1, 2014.

36. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

37. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

38. A class action is a superior method for the fair and efficient adjudication of this controversy.

39. Class-wide damages are essential to induce Defendant to comply with the federal laws alleged in the Complaint.

40. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under these statutes is limited. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

41. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the class as a whole.

42. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

43. Plaintiff requests certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

## COUNT I

## VIOLATION OF THE FAIR DEBT BUYING PRACTICES ACT
## Cal. Civ. Code § 1788.50, et seq. ("FDBPA")
## [INDIVIDUAL & CLASS CLAIMS AGAINST ALL DEFENDANTS]

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDBCPA.

46. As a result of each and every violation of the FDBPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.62(a)(1); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.62(b); and, reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.62(c)(1) from Defendant. In addition, Plaintiff and the members of the class an award of damages to the class in amount of $500,000 or 1 percent of the net worth of Defendant pursuant to Cal. Civ. Code §

1788.62(b).

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)
### [INDIVIDUAL & CLASS CLAIMS AGAINST ALL DEFENDANTS]

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

49. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.  In addition, Plaintiff and the members of the class an award of damages to the class in amount of $500,000 or 1 percent of the net worth of Defendant pursuant to 15 U.S.C. § 1692(a)(2)(B).

## COUNT III

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)
### [CLASS CLAIMS AGAINST ALL DEFENDANTS]

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

///

///

///

52. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.  In addition, Plaintiff and the members of the class an award of damages to the class in amount of $500,000 or 1 percent of the net worth of Defendant pursuant to Cal. Civ. Code § 1788.17.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.62(a)(1), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.62(a)(2), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.62(a)(3), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually; and,
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 2, 2016                                  Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   ___/s/ Matthew M. Loker___
        MATTHEW M. LOKER, ESQ.
        ATTORNEY FOR PLAINTIFF